UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| MICROSOFT CORPORATION., <br><br> Plaintiff, <br> v. <br><br> SOFTICLE.COM, et al., <br><br> Defendants. | Civil Action No. <br><br> 2:16-CV-02762-MCA-SCM <br><br> **OPINION AND ORDER ON DISCOVERY DISPUTE AND ORDER TO SHOW CAUSE** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court are informal discovery motions by Plaintiff Microsoft Corporation ("Microsoft") to compel further responses by Defendant Mr. Aymen Abunamous, doing business as Softicle.com (hereafter "Mr. Abunamous" or "Softicle").[1] Mr. Abunamous has also requested relief which is now moot, but the Court will nonetheless address his procedural complaints so the parties know how to proceed going forward. The Court has reviewed the parties' respective submissions and decides the issues without oral argument. For the reasons set forth herein, Microsoft's informal motion to compel further discovery responses is **granted**. Also, Mr. Abunamous shall show cause why he should not be sanctioned for failing to comply with this Court's discovery orders.

---

[1] (ECF Docket Entry No. ("D.E.") 58, Pl.'s Ltr, Sept. 13, 2017). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

## I.  BACKGROUND AND PROCEDURAL HISTORY[2]

Microsoft "develops, advertises, markets, distributes, and licenses a number of computer software programs."[3] Its "software programs are distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificates of Authenticity, product keys and other components."[4] Microsoft holds valid copyrights in those software programs.[5] Microsoft also has duly registered trademarks associated with those programs.[6]

On May 16, 2016, Microsoft filed its Complaint alleging that in August and November 2014, Mr. Abunamous committed copyright and trademark infringement by distributing unauthorized and infringing copies of Microsoft Office 2013 software.[7] Microsoft filed its Amended Complaint on February 16, 2017, which "asserts claims of copyright infringement, trademark infringement, false designation of origin, and statutory and common law unfair competition. Plaintiff also seeks a constructive trust and accounting."[8]

---

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 16, Am. Compl. ¶ 9).

[4] *Id.*

[5] (D.E. 16, Am. Compl. ¶¶ 12–13).

[6] (D.E. 16, Am. Compl. ¶ 14).

[7] (D.E. 1, Compl. ¶ 13).

[8] (D.E. 66, Dismissal Order at 2; D.E. 16, Am. Compl. ¶ 15).

Microsoft alleges that Mr. Abunamous marketed his website as a "Microsoft Software Repository."[9] The website advertised: "Download the software of your choice, directly, safely and instantly" and activate it "with the most affordable licensing on the market. Up to 80% off retail."[10] However, Mr. Abunamous allegedly "did not sell Microsoft software licenses to [his] customers."[11] Microsoft claims he "sold unauthorized Microsoft product activation keys and misrepresented to [his] customers that those product activation keys were licenses." Microsoft defines such "abused product activation keys"[12] as those that "had been separated from the Microsoft software they were intended and authorized to activate and were determined by Microsoft to be abused because the keys had already been used to activate other copies of software."[13] Microsoft further alleges that Mr. Abunamous distributed unauthorized copies of its software by "provid[ing] [his] customers with access to sites from which unauthorized download copies of Microsoft software were made."[14] Moreover, Mr. Abunamous allegedly included unauthorized copies of Microsoft's trademarks and copyrighted works in his advertisements.[15]

Mr. Abunamous moved to dismiss, arguing that copyright infringement, must be dismissed because Microsoft fails to provide sufficient allegations supporting direct,

---

[9] (D.E. 16, Am. Compl. ¶ 17).

[10] *Id.*

[11] *Id.*

[12] (D.E. 16, Am. Compl. ¶ 18).

[13] (D.E. 16, Am. Compl. ¶ 17).

[14] *Id.*

[15] (D.E. 16, Am. Compl. ¶ 16).

contributory, or vicarious copyright liability.[16] The Honorable Madeline Cox Arleo, U.S.D.J.

agreed with Mr. Abunamous and dismissed the claims for direct copyright infringement and

vicarious copyright infringement, but disagreed regarding the claim for contributory copyright

infringement.[17] Judge Arleo found that Microsoft sufficiently plead:

> (1) third-party infringement by the investigators in connection with the
> December 2015 sale; (2) Defendants' knowledge of the third-party
> infringement based on the May 2015 letter; and (3) Defendants' material
> contribution to the infringement by providing links to the website from
> which unauthorized copies were made. Therefore, the copyright
> infringement claim cannot be dismissed.[18]

The Court also found that Microsoft's allegations "are sufficient to state a plausible claim for

trademark infringement and false designation of origin", and disagreed that the allegations of

statutory and common law unfair completion claims were preempted by the Copyright Act.[19]

Finally, the Court denied dismissal of the counts requesting a constructive trust and accounting.

On May 18, 2017, the Court entered an initial scheduling order ("Scheduling Order").[20]

The Scheduling Order prescribed the timing for the parties to serve initial disclosures, discovery

requests and responses in accordance with the Federal Rules of Civil Procedure.[21]

---

[16] (D.E. 66, Dismissal Order at 2).

[17] (D.E. 66, Dismissal Order at 2, 4).

[18] (D.E. 66, Dismissal Order at 2).

[19] (D.E. 66, Dismissal Order at 5).

[20] (D.E. 41, Sched. Order, May 18, 2017).

[21] (D.E. 41, Sched. Order, May 18, 2017, ¶¶ 1, 3).

By letter dated August 9, 2017, Microsoft filed the parties' proposed agenda for the telephone status conference held on August 14, 2017.[22] Therein, Microsoft complained that Mr. Abunamous had not served his initial disclosures and responses to interrogatories. Mr. Abunamous did not dispute those contentions, so the Court ordered him to serve initial disclosures and responses to interrogatories by August 28, 2017.[23]

The agenda letter further indicated that Mr. Abunamous wanted a protective order, but did not state why.[24] During the conference, Mr. Abunamous complained that Microsoft was seeking his confidential financial records, and both sides agreed to the entry of a discovery confidentiality order.[25]

On September 10, 2017, Mr. Abunamous filed a unilateral dispute letter complaining that Microsoft served a subpoena for documents upon the custodian of records for Bank of America.[26] The Court responded with a Text Order: "The Court has received Defendants letter (D.E. 56), which fails to comply with Paragraph 5 of the Scheduling Order (D.E. 41) and L. Civ. R. 37.1(a)(1). Counsel are directed to meet and confer to file a joint dispute letter in compliance with Paragraph 5[.]"[27]

---

[22] (D.E. 51, Joint Ltr.).

[23] (D.E. 55, Order, Aug. 14, 2017, ¶¶ 1, 2).

[24] (D.E. 51, Joint Ltr.).

[25] (D.E. 53, Disc. Confidentiality Order, Aug. 14, 2017).

[26] (D.E. 56, Def.'s Ltr.).

[27] (D.E. 57, Order, Sept. 12, 2017).

Counsel for Microsoft attempted to confer with Mr. Abunamous's counsel, who sent an email stating "the court has tied my hands with regard to challenging the unlawful subpoena. I am advising you that if you do not voluntarily withdraw the subpoena by 2 p.m. ET, I am going to file motions to vacate the scheduling order, quash the subpoena, and if necessary TRO, and interlocutory appeal to the Third Circuit."[28] Mr. Abunamous's counsel then stated in a following email "I filed my letter already. You can use that as 'my portion.'"[29]

Microsoft then notified the Court that Mr. Abunamous refused to participate in the joint dispute protocol.[30] It countered Mr. Abunamous's legal arguments and subsequently advised that Bank of America had since produced the at-issue documents.[31] Microsoft further complained that Mr. Abunamous has "failed to produce any documents or information in response to Microsoft's discovery requests and…" still has not served his initial disclosures.[32] Mr. Abunamous has not responded to that complaint.

## II.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[33] This District specifies that magistrate judges may determine all non-dispositive pre-trial

---

[28] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 1, 2).

[29] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 1, 1).

[30] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 1 - 2).

[31] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017; D.E. 59, Pl.'s Ltr., Sept. 15, 2017).

[32] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 1 - 2).

[33] 28 U.S.C. § 636(b)(1)(A).

motions which includes discovery motions.[34] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[35]

## III.   <u>**DISCOVERY STANDARD**</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[36] "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."[37]

Federal courts employ a burden-shifting analysis to resolve discovery disputes. A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action."[38] That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[39]

---

[34] L. Civ. R. 72.1(a)(1); 37.1.

[35] § 636(b)(1)(A).

[36] Fed. R. Civ. P. 26(b)(1).

[37] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

[38] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

[39] Fed. R. Evid. 401.

District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[40]

If that burden is met, an objecting party "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[41] The objecting party "shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will be viewed unfavorably."[42] "The burden [is upon] the party resisting discovery to clarify and explain its objections and to provide support therefor."[43]

Failure to meet this standard may result in waiver of an objection.[44] Furthermore, in addition to trying to eliminate "kneejerk discovery requests," Rule 26(g) was enacted "to bring an end to the equally abusive practice of objecting to discovery requests reflexively [.]"[45] The rule "is intended to curb discovery abuse by requiring the court to impose sanctions if it is violated, absent 'substantial justification' [.]"[46]

---

[40] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[41] *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996).

[42] *Williams v. Acxiom Corp.*, No.15-8464, 2017 WL 945017, at *2 (D.N.J. Mar. 10, 2017)(quoting *Lamon v. Adams*, 2014 WL 309424 at *3 (E.D. Cal. 2014)).

[43] *Harding*, 914 F. Supp. at 1102 (citations omitted).

[44] *Id.* (citations omitted).

[45] *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D.Md. 2008).

[46] *Id.* (quoting Fed. R. Civ. P. 26(g)).

## IV. DISCUSSION AND ANALYSIS

### A. Initial Disclosures

The purpose of initial disclosures is to "accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information."[47] This Court ordered that the parties exchange initial disclosures by May 31, 2017.[48] Mr. Abunamous did not comply with the Scheduling Order, so Microsoft sought and obtained an order compelling Mr. Abunamous to provide the initial disclosures.[49] Microsoft states that Mr. Abunamous has still failed to provide his initial disclosures.[50] Mr. Abunamous shall show cause why he should not be sanctioned for failing to comply with the Orders of this Court.

### B. Discovery Responses

Microsoft complains about the sufficiency of responses to its discovery requests and seeks to compel further responses to interrogatories 7, 8, 9, and 12 and requests for production 1 and 2.[51] Mr. Abunamous has not contested these requests for relief.

#### 1. Interrogatory Responses

Interrogatories are a discovery device designed "to obtain simple facts…" and "can be a simple mode of obtaining the names and addresses of persons having knowledge of pertinent facts,

---

[47] *U.S. ex rel. Hunt v. Merk-Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D.Pa. 2004)(quoting Advisory Committee Notes to 1993 amendments).

[48] (D.E. 41, Sched. Order, May 18, 2017, ¶ 1).

[49] (D.E. 51, Joint Ltr.; D.E. 55, Order, Aug. 14, 2017).

[50] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 2).

[51] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 3).

or of securing information about the existence of documentary evidence[.]"[52] "[A] responding party generally is not required to conduct extensive research to answer an interrogatory, [but] … must make a reasonable effort to respond."[53] The responding party must respond "to the fullest extent possible, stating any objections with specificity."[54] If the responding party does not have the information, he must describe the efforts undertaken to obtain it.[55] Responses must be "in writing under oath."[56] Interrogatory "answers" must be signed by the responder and objections must be signed by their attorney.[57]

Preliminarily, the Court notes that Mr. Abunamous certified his interrogatory responses.[58] His counsel (Joseph A. Bahgat, Esq.), however, did not sign for the objections posed.[59] Therefore, Mr. Bahgat is ordered to sign for the objections to all interrogatories as required.[60]

---

[52] *Erie Ins. Property & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W.Va. 2010)(quoting Wright, Miller, & Marcus, Federal Practice & Procedure: Civil 3d § 2163).

[53] *Williams v. Acxiom Corp.*, No. 2:15-CV-8464, 2017 WL 945017, at *2 (D.N.J. Mar. 10, 2017)(citing *Lamon v. Adams*, 2014 WL 309424 at *4 (E.D. Cal. 2014).

[54] *Reyes v. City of Paterson*, No. 2:16-CV-2627, 2017 WL 1536425, at *2 (D.N.J. Apr. 28, 2017) (citing Fed. R. Civ. P. 33(b)(3) and (4)); *see also Lamon v. Adams*, 2014 WL 309424 at *3 (E.D. Cal. 2014).

[55] *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996)).

[56] Fed. R. Civ. P. 33(b)(3).

[57] Fed. R. Civ. P. 33(b)(5).

[58] (*See* D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 6).

[59] (*See* D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 1).

[60] *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name….").

With regard to the substance, Microsoft received the following responses to its interrogatories:

> **Interrogatory No. 7**: Identify all sources from which Defendants have acquired Microsoft items, including but not limited to product keys.
>
> **Response**: Respondent objects to this interrogatory to the extent the supplied definition of the term "Microsoft items" is vague and ambiguous. Respondent further objects to this interrogatory because it seeks information that is not relevant to plaintiff's cause of action, and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent further objects to this interrogatory on the grounds that it overly broad and burdensome because it is unlimited in scope, and would require respondents to create volumes of data that do not now exist, and did not ever exist. Respondent further objects to this interrogatory because it seeks the identities of third parties not interested in this litigation, who would not want to be associated with this litigation, and could bring an action against respondents if their identities were revealed.
>
> Subject to and without waiving the foregoing objections, respondent states that to the extent he has ever acquired any "Microsoft items," such items would have been purchased lawfully through ordinary means of commerce. Respondent further states that he has never had a practice of keeping records related to the acquisition of any items, Microsoft notwithstanding, and that they would have no way of providing the requested information. Further, respondent states that to the extent he ever acquired any "Microsoft items," such items would have been genuine products, and that as such, the "source" of the items would have most certainly been Microsoft.[61]

The Court finds that Microsoft's request seeks relevant information and overrules the objections to interrogatory 7. Mr. Abunamous's has not met his burden to explain his objections and provide support for them. With respect to his first objection (which is included in all the interrogatory responses at issue in this Order), the Court notes that Microsoft's prayer for relief in its Amended Complaint contains a list of eighteen specific copyrights and thirty-four specific trademarks at issue in this case, along with the trade names of said copyrights and trademarks.[62]

---

[61] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 3).

[62] (D.E. 16, Am. Compl., 19-21).

Therefore, "Microsoft items" is neither vague nor ambiguous. Additionally, Mr. Abunamous has failed to provide reasons for his objection that the material sought is not relevant. One of the core disagreements in this case is whether the Microsoft products that Mr. Abunamous sold were genuine or unauthorized. The sources from which Mr. Abunamous acquired the Microsoft products are relevant to that determination. Thirdly, since those sources are undoubtedly not infinite in number, the request is not "unlimited in scope." Finally, the fact that third parties would be identified does not constitute sufficient reason to overcome the broad scope of discovery and the relevance of the request to the Microsoft's cause of action.

Mr. Abunamous claims to have no responsive documents. However, his certification in support of his motion to dismiss refers to and attaches two e-mails purportedly between Softicle and Microsoft.[63] Though these e-mails are not records *of* an acquisition, they are records *related* to an acquisition, and they demonstrate that Mr. Abunamous has had some, even if not a comprehensive or organized, "practice of keeping records related to the acquisition of any items," contradicting his statement in his response to interrogatory 7. Furthermore, that same certification states that Mr. Abunamous "purchased bundles of licenses from third-party resellers at wholesale prices."[64] The next sentence in that paragraph reads: "With regard to Microsoft software, such as that which is at issue in this lawsuit, we confirmed that the licenses were valid and genuine."[65] Taken together, these two sentences from Mr. Abunamous's certification admit that he acquired Microsoft items from third parties, which contradicts the claim in his response to

---

[63] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 5,6; D.E. 23-3, Mot. to Dismiss, Ex. A; D.E. 23-4, Mot. to Dismiss, Ex. B).

[64] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 4).

[65] *Id.*

interrogatory 7 that the source of any Microsoft items acquired by Mr. Abunamous "would have most certainly been Microsoft." Because Mr. Abunamous's objections fail and his own certification contradicts his response to interrogatory 7, Microsoft's motion to compel is **granted**. Mr. Abunamous shall identify the "third-party resellers" he used to purchase Microsoft items.

> **Interrogatory No. 8**: Identify all customers that have acquired more than $100 worth of Microsoft items from Defendants.
>
> **Response**: Respondent objects to this interrogatory to the extent the supplied definition of the term "Microsoft items" is vague and ambiguous. Respondent further objects to this interrogatory because it seeks information that is not relevant to plaintiff's cause of action, and is not reasonably calculated to lead to the discovery of admissible evidence. Respondent further objects to this interrogatory on the grounds that it overly broad and burdensome because it is unlimited in scope, and would require respondents to create volumes of data that do not now exist, and did not ever exist. Respondent further objects to this interrogatory because it seeks the identities of third parties not interested in this litigation, who would not want to be associated with this litigation, and could bring an action against respondents if their identities were revealed.
>
> Subject to and without waiving the foregoing objections, respondent states that he has never had a practice of keeping records related to the sales of any items, Microsoft notwithstanding, and that he would have no way of providing the requested information.[66]
>
> **Interrogatory No. 9**: State the full name of each type of Microsoft item (e.g., "Product Keys for Office 2013 Professional,"" Product Keys for Visio Standard 2010" etc.) acquired and/or distributed by Defendants from 2013 to the present.
>
> **Response**: Respondent objects to this interrogatory to the extent the supplied definition of the term "Microsoft items" is vague and ambiguous. Respondent further objects to this interrogatory because it seeks information that is not relevant to plaintiff's cause of action, and is not reasonably calculated to lead to the discovery of admissible evidence.

---

[66] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 4).

Respondent further objects to this interrogatory on the grounds that it overly broad and burdensome because it is unlimited in scope, and would require respondents to create volumes of data that do not now exist, and did not ever exist.

Subject to and without waiving the foregoing objections, respondent states that he has never had a practice of keeping records related to the sales of any items, Microsoft notwithstanding, and that he would have no way of providing the requested information.[67]

Mr. Abunamous's objections to interrogatories 8 and 9 are overruled for the same reasons that the identical objections to interrogatory 7 were overruled. He has not met his burden to explain his objections and provide support for them. Additionally, though Mr. Abunamous claims not to have "had a practice of keeping records related to the sales of any items," his parallel statement in response to interrogatory 7 with respect to the acquisition of items was demonstrated to be contradicted by two e-mails Mr. Abunamous submitted to the record.[68] This statement is also contradicted by the same two e-mails. Those e-mails are indeed "records related to the sales of…items," because in the first e-mail, Softicle asked Microsoft to confirm Softicle's "exclusive rights to the licenses to use *or distribute*."[69] Mr. Abunamous's certification attests to the fact that this e-mail exchange sought to confirm the validity of Microsoft licenses that he intended for resale.[70]

Furthermore, it is unusual that Mr. Abunamous, a student of computer engineering,[71] claims to have no way of providing basic information regarding the customers he dealt with and

---

[67] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 4-5).

[68] *See supra* pp. 11-12.

[69] (D.E. 23-3, Mot. to Dismiss, Ex. A) (emphasis added).

[70] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 4).

[71] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 2).

the products he sold. This is all the more strange in an era in which records are often automatically generated with respect to online transactions, and "[c]ourts have been loathe to reward (and possibly encourage) poor record keeping by shielding companies with inefficient recording methods from discovery."[72] Microsoft argues, on the other hand, that it is "entitled to discover the scope and extent" of Mr. Abunamous's alleged infringement.[73] Microsoft has met its burden to show the response is deficient. The motion to compel is **granted**.

> **Interrogatory No**. 12: Identify where Defendants deposit payments received for Microsoft items.
>
> **Response**: Respondent repeats the objection and response to Interrogatory No. 9 as if fully rewritten herein.[74]

Mr. Abunamous's objections are overruled for the same reasons. They constitute the sorts of reflexive objections that Rule 26 seeks to deter,[75] as certain objections patently do not apply to the request. The request is not "unlimited in scope" and would not "require respondents to create volumes of data that do not now exist, and did not ever exist." Presumably Mr. Abunamous knows of, and is in possession of the data relating to, accounts he uses to deposit "money [he] made from reselling…software[.]"[76] Furthermore, even if it were the case that Mr. Abunamous "has never had a practice of keeping records related to the sales of any items" (a proposition already demonstrated to be contradicted by the record), that does not bear on whether he is aware

---

[72] *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 61 (D.Mass. 2005).

[73] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 3).

[74] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 4, 5).

[75] *See supra* pp. 7-8 (discussing *Mancia,* 253 F.R.D. at 358).

[76] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 9).

of the accounts to which he makes deposits. Microsoft argues in response that the amount of money received from selling allegedly infringing Microsoft products is relevant to the determination of damages under the Lanham and Copyright Acts for their trademark and copyright claims.[77] For these reasons, Microsoft's motion to compel is **granted**.

### 2. Document Demands

Parties may serve on any other party a demand to produce any designated documents that are in the possession, custody, or control of another party.[78] The responding party must produce all relevant documents in his "possession, custody, or control."[79] Documents are within the possession, custody, or control of the recipient if "the party has the legal right or ability to obtain the documents from another source upon demand."[80] "Control" is broadly construed, so a party may be required "to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document."[81] This means a party must produce documents that

---

[77] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 3).

[78] Fed. R. Civ. P. 34(a).

[79] *Id.*; *see also Love v. NJ Dept of Corr.*, No. 2:15-CV-4404, 2017 WL 3477864, at *4 (D.N.J. Aug. 11, 2017)(citing *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D.Cal. 2012)).

[80] *Mercy Catholic Medical Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). *See also In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995) ("[D]ocuments are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand.").

[81] *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D.Cal. 2012); *see also Mercy Catholic*, 380 F.3d at 160 ("In the Rule 34 context, control is defined as the legal right to obtain required documents on demand.").

have been turned over to his agent, such as his insurer or attorney.[82] The requesting party bears the burden of establishing control.[83]

Responses must be made to each item or category of documents requested with a production, an objection, or an answer.[84] A "response must either state that inspection and related activities will be permitted as requested" or "that it will produce copies of [the] documents[.]"[85] An objection must "state with specificity the grounds for objecting to the request, including the reasons."[86] Also, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[87] If instead, a responder answers that there are no responsive documents, the answer "must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'"[88] Finally, a responding party must also supplement their responses if the information sought is later obtained, or amend the responses if they require correction.[89]

---

[82] *See, e.g.*, *Henderson v. Zurn Industries*, 131 F.R.D. 560, 567 (S.D.Ind.1990).

[83] *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989).

[84] Fed. R. Civ. P. 34(b)(2)(B).

[85] *Id.*

[86] *Id.*

[87] Fed. R. Civ. P. 34(b)(2)(C).

[88] *Hansel,* 169 F.R.D. at 305 (quoting *Milner v. National School of Health Tech.,* 73 F.R.D. 628, 632 (E.D.Pa.1977)).

Microsoft received the following responses to its requests for production:

**Request No**. **1**: All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping records) that relate to any acquisition by Defendants of Microsoft items, including product keys.

**Response**: Respondent objects to this interrogatory on the grounds that it overly broad and burdensome because it is unlimited in scope, and would require respondents to create volumes of data that do not now exist, and did not ever exist. Respondent further objects to this request to the extent it seeks confidential and/or privileged materials relating to third parties not interested in this litigation, who would not want to be associated with this litigation, and could bring an action against respondent if their identities were revealed. Subject to and without waiving the foregoing objections, respondent does not have any responsive documents.[90]

**Request No**. **2**: All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping records) that relate to any distribution by Defendants of Microsoft items, including product keys.

**Response**: Respondent objects to this interrogatory on the grounds that it overly broad and burdensome because it is unlimited in scope, and would require respondents to create volumes of data that do not now exist, and did not ever exist. Respondent further objects to this request to the extent it seeks confidential and/or privileged materials relating to third parties not interested in this litigation, who would not want to be associated with this litigation, and could bring an action against respondent if their identities were revealed. Subject to and without waiving the foregoing objections, respondent does not have any responsive documents.[91]

---

[89] Fed. R. Civ. P. 26(e); *see also Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)("Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses.").

[90] (D.E. 58-1, Pl.'s Ltr., Sept. 13, 2017, Ex. 3, 2).

[91] *Id*.

Mr. Abunamous claims to have no responsive documents and certified his response, but he failed to detail his search efforts.[92] Therefore, Microsoft's motion to compel a further response to both requests is **granted**.

The Court further observes that, as discussed above with respect to interrogatories 7, 8, and 9, Mr. Abunamous demonstrated in the certification and exhibits attached to his motion to dismiss, that he is in possession of at least some documents that relate to both his acquisition and distribution of Microsoft items.[93] Softicle's e-mail to Microsoft referred to Softicle as the "verified purchaser" of various Microsoft licenses (which relates to an "acquisition by Defendants of Microsoft items"), and also asked for confirmation of Softicle's "exclusive rights to the licenses to use or distribute" (which relates to a "distribution by Defendants of Microsoft items").[94] Mr. Abunamous's claims in his responses to Requests 1 and 2 "not to have any responsive documents" are belied by his own submissions to the record.

C. Subpoena

Although the dispute concerning Microsoft's subpoena upon Bank of America is moot, Mr. Abunamous's complaints about Microsoft's service of subpoenas and this Court's discovery dispute protocol is not. Mr. Abunamous argues that Microsoft violated this Court's rules by serving subpoenas on Bank of America and previously on PayPal without first conferring with him.[95] Mr. Abunamous further contends that "[b]ecause of the limitations in the pretrial scheduling order,

_____

[92] *See Hansel,* 169 F.R.D. at 305; *Bryant*, 285 F.R.D. at 603 (quoting James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34–57 (footnote omitted)).

[93] (D.E. 23-2, Mot. to Dismiss, Def.'s Certification, ¶ 5,6; D.E. 23-3, Mot. to Dismiss, Ex. A; D.E. 23-4, Mot. to Dismiss, Ex. B); *see supra* pp. 11-12.

[94] (D.E. 23-3, Mot. to Dismiss, Ex. A).

[95] (D.E. 56, Def.'s Ltr., 1-2).

defendants have been stripped of all the tools to combat a plaintiff's abusive discovery tactics, and are now left without a remedy to attack the subpoena."[96] Microsoft countered that "there is nothing in the Pretrial Scheduling Order that prohibits the issuance of subpoenas."[97]

Microsoft is correct that the Scheduling Order does not prohibit the service of subpoenas; it only requires that the parties comply with the Court's discovery dispute protocol before raising such issues to this Court. The Federal Rules are clear that any motions to quash a subpoena must be filed with the "district where compliance is required[.]"[98] The at-issue subpoena was served on Bank of America in California and directed that responsive documents be produced by mailing or emailing the same to a firm in California.[99] Accordingly, if Mr. Abunamous wanted to move to quash the subpoena in California, the Scheduling Order did not prevent him from doing so.

With regard to Mr. Abunamous's subsequent complaint that *pro hac* vice counsel issued the California subpoena,[100] local counsel shall respond in writing within the next week and that issue along with the alleged conflict claim will be discussed at the upcoming status conference.

An appropriate order follows:

## ORDER

**WHEREAS,** pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), if the Court determines that Defendants, Aymen Abunamous and/or Softicle have violated an Order of the

---

[96] (D.E. 56, Def.'s Ltr., 1).

[97] (D.E. 58, Pl.'s Ltr., Sept. 13, 2017, 2).

[98] Fed.R.Civ.P.45(d)(3).

[99] (D.E. 56, Def.'s Ltr., 8).

[100] (D.E. 67).

Court, sanctions provided in the stated Rules, including, but not limited to, payment of attorneys' fees and striking your defenses, may be appropriate; and therefore

**IT IS** on this Monday, October 02, 2017,

1. **ORDERED**, that Defendants, Aymen Abunamous and Softicle shall file a written submission (affidavit or declaration) with the Court within 14 days showing cause why they should not be sanctioned for failing to provide their initial disclosures and for failing to comply with the Court's orders and rules; and it is further

2. **ORDERED**, that Plaintiff, Microsoft Corporation's informal motion to compel Defendants, Aymen Abunamous and Softicle to provide further responses to interrogatories 7, 8, 9, and 12 and requests for production 1 and 2 are **granted**. Defendants, Aymen Abunamous and Softicle shall serve their amended discovery responses consistent with this Order and the Court's opinion within 14 days. The amended response shall include a signature from Mr. Bahgat for the objections posed to all interrogatories as required by the Federal Rules.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/2/2017 10:29:10 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File