# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Chambers of* <br> **STEVEN C. MANNION** <br> **United States Magistrate Judge** | Martin Luther King Jr, Federal Bldg. <br> & U.S. Courthouse <br> 50 Walnut Street <br> Newark, NJ 07102 <br> (973) 645-3827 |

August 30, 2018

### LETTER ORDER/OPINION

Re:  **D.E. 190; Motion for Recusal** <br> **Microsoft Corporation v. Softicle.com, et al.** <br> **Civil Action No. 16-cv-02762 (MCA)(SCM)**

Dear Counsel:

Before the Court is Defendants Softicle.com and Aymen Abunamous' (collectively "Softicle") motion for recusal.[1] Plaintiff Microsoft Corporation ("Microsoft") opposed the motion,[2] and Softicle did not file a reply. The Court has reviewed the parties' respective submissions and decides the motion without oral argument. For the reasons set forth herein, Softicle's motion for recusal is **DENIED**.

### I.  BACKGROUND

Softicle supports its motion with the Certification of Defendant Abunamous.[3] The Abunamous Certification alleges that the undersigned must recuse himself from this matter

---

[1] 28 U.S.C. §§ 144, 455(a); (ECF Docket Entry No. ("D.E.") 190, Def.'s Mot. for Recusal). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 196, Pl.'s Opp'n).

[3] (D.E. 190-2, Abunamous Certification).

because "all meaningful decisions have been predetermined in favor of Microsoft."[4] More specifically, Softicle takes issue with: (1) the disposition of subpoenas served upon PayPal and Bank of America in California; (2) Judge Arleo's opinion regarding dismissal of some of Microsoft's claims; (3) Judge Arleo's opinion regarding Softicle's motion for reconsideration; (4) the undersigned's October 2017, Order to Show Cause; (5) *pro hac vice* counsel's deposition of Mr. Abunamous, and (6) the Court's decisions regarding various discovery disputes.

## II. MAGISTRATE JUDGE AUTHORITY

Our jurisprudence authorizes magistrate judges to decide any non-dispositive motion[5] and authorizes all judges to decide motions for their own recusal.[6] "[T]he mere filing of an affidavit [of bias] does not automatically disqualify the judge. He has authority to decide whether the claim of bias is legally sufficient."[7] "Indeed, if the affidavit submitted is legally insufficient to compel his disqualification, the judge has a duty to preside."[8] Such decisions are subject to the abuse of discretion standard.[9]

---

[4] (D.E. 190-2, Abunamous Certification, at ¶ 2).

[5] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998).

[6] *See, e.g., Craven v. Leach,* No. 14-1860, 2015 WL 1274834, at *2 (D.N.J. Mar. 18, 2015); *see also In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 963 n. 9 (5th Cir. 1980).

[7] *Behr v. Mine Safety Appliance Co.*, 233 F.2d 371, 372 (3d Cir. 1956).

[8] *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976) (citing *Simmons v. United States*, 302 F.2d 71, 76 (3d Cir. 1962)).

[9] *Edelstein v. Wilentz*, 812 F.2d 128, 130 (3d Cir. 1987).

### III.    LEGAL STANDARD AND DISCUSSION

Softicle seeks recusal pursuant to Sections 144 and 455(a).[10] Judges should not recuse themselves from cases lightly. "If an affidavit of bias is legally insufficient to compel … disqualification, the judge has a duty to preside."[11]  An affidavit "couched in generalities" that fails "to recite specific acts" is insufficient "for a successful attack upon the qualifications of the Judge to sit in the proceedings."[12] "Rather, a trial judge need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant."[13]

####    A.  Section 144

Section 144 has procedural and substantive requirements as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[14]

---

[10] 28 U.S.C. §§ 144, 455(a).

[11] *Simmons*, 302 F.2d at 76.

[12] *Id.*

[13] *United States v. Thompson*, 483 F.2d 527 (3d Cir. 1973).

[14] 28 U.S.C. § 144.

Courts have noted that, because of the nature of Section 144 and the possibilities for abuse, Court's should strictly construe the statute's procedural requirements.[15] Accordingly, failure to comply with the procedural requirements of Section 144 provides grounds for denial of a motion for recusal.[16]

With those principles in mind, the Court denies Softicle's motion as untimely.[17] A Section 144 disqualification application must be "filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."[18] The timeliness requirement is "[c]rucial to the integrity of the judicial process" and is intended to ensure that a party is not simply filing the motion on the basis of subsequent unfavorable rulings or treatment by the Court."[19] "An affidavit is untimely when the party significantly invokes participation by the court in pretrial motions or other judicial proceedings between the time he first learned" of the alleged prejudice and the time he filed his Section 144 motion.[20]

Softicle's affidavit vaguely alleges that it first learned of my alleged prejudice from a number of my decisions and actions in 2017,[21] but did not file this application until May 18, 2018.

---

[15] *United States v. Clark*, 398 F.Supp. 341, 362 (E.D. Pa. 1975); *United States v. Gilboy*, 162 F. Supp. 384, 388-89 (M.D. Pa. 1958).

[16] *Concepcion v. Resnik*, No. 05-1840, 2005 WL 1791699 at *2 (3d Cir. 2005).

[17] 28 U.S.C. § 144; *see Shank v. Am. Motors Corp.*, 575 F. Supp. 125, 128 (E.D. Pa. 1983); *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 60 (D.D.C. 2010).

[18] 28 U.S.C. § 144.

[19] *Sataki*, 733 F. Supp. 2d at 60–61 (quoting *S.E.C. v. Loving Spirit Found*, 392 F.3d 486, 492 (D.C. Cir. 2004)).

[20] *Shank*, 575 F. Supp. at 128 (citing *Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir.1978)).

[21] (D.E. 190-2, Abunamous Certification).

That was almost two years after this case was reassigned to me for pretrial scheduling on June 15, 2016.  Nevertheless, assuming that Softicle became aware of my alleged bias on the first of this year, Softicle has participated in numerous conferences and filed several pretrial motions in that intervening period.[22]   Accordingly, because Softicle has affirmatively invoked the participation of this Court in the intervening period, and has neither argued nor shown good cause for the delay, the Court denies Softicle's Section 144 motion as untimely.

In addition, Section 144 requires that a party's affidavit in support of a motion for disqualification "be accompanied by a certificate of counsel of record stating that it is made in good faith." [23] "The certification requirement is not simply a *pro forma* procedural obligation but is key to the integrity of the recusal process."[24] Softicle's counsel has not filed the required certification.

Failure to comply with the procedural requirements of Section 144 provides grounds for denial of a motion for disqualification.[25] Accordingly, the Court must deny Softicle's Section 144 motion as procedurally defective.

---

[22] *Shank*, 575 F. Supp. at 128 (citing *Smith*, 585 F.2d at 86).

[23] 28 U.S.C. § 144; *Sataki*, 733 F. Supp. 2d at 60.

[24] *Sataki*, 733 F. Supp. 2d at 60.

[25] *Concepcion v. Resnik*, 143 Fed. Appx. 422, 425 (3d Cir. 2005).

B.  Section 455

Absent evidence of actual bias, "[a] judge is required to recuse [only] where his or her impartiality 'might reasonably be questioned.'"[26] A litigant's displeasure with a judge's rulings is not a basis for recusal.[27] "The test for recusal … is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."[28]

Softicle largely bases its allegations on its displeasure with various rulings in this case and the Court's perceived hostility towards their counsel. As several courts have held, rulings adverse to a party may be properly the subject of appeal, not disqualification.[29] "[A]lleged bias stemming from facts gleaned from the judicial proceeding will rarely be grounds for recusal."[30]

As the Supreme Court has held, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[31] "Almost invariably, they are proper grounds for appeal, not for recusal."[32] Additionally, opinions the judge forms or expresses during the course of current or prior proceedings do not constitute a basis for a bias or partiality motion unless "they display a

---

[26] *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (quoting 28 U.S.C. § 455(a)).

[27] *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

[28] *In re Kensington Intern. Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003); *Securacomm*, 224 F.3d at 278 (quoting 28 U.S.C. § 455(a).

[29] *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

[30] *Securacomm*, 224 F.3d at 278 (citing *United States v. Antar*, 53 F.3d 568, 574 (3d Cir.1995)).

[31] *Liteky*, 510 U.S. at 555-56.

[32] *Id.*

deep-seated favoritism or antagonism that would make fair judgment impossible."[33] Therefore, "[e]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are not grounds for recusal.[34]

With those principles in mind, the Court finds that Softicle's allegations fall woefully short of the standard necessary to justify recusal. Softicle first alleges that the disposition of Microsoft's subpoenas to PayPal and Bank of America in California justifies the undersigned's recusal.[35] However, as discussed in detail in the Court's October 2, 2017, Opinion and Order, Softicle failed to follow the proper procedure to quash the subpoenas.[36] The Federal Rules state that a party must file motions to quash a subpoena in the "district where compliance is required."[37] Accordingly, if Softicle wished to quash the subpoena, they should have done so in California, rather than in this Court. Softicle appealed that decision,[38] and on April 30, 2018, Judge Arleo affirmed the undersigned's decision. Counsel are charged with the responsibility of reading the docket. Nonetheless, I suggested, on the record, that Softicle's counsel review Judge Arleo's recent opinions,[39] but it appears that he declined to do so prior to filing this motion on May 18, 2018.[40]

---

[33] *Id.*

[34] *Id.*

[35] (D.E. 190-1, Def.'s Br., at 2-3)

[36] (D.E. 69, Op., at 20).

[37] Fed. R. Civ. P. 45(d)(3).

[38] (D.E. 74, Appeal).

[39] (D.E. 184, May 4 Hearing Tr., at 27:25–29:12 (referring to D.E. 171, 172, 173)).

[40] (D.E. 190-1, Def.'s Br., at 4 (referring to D.E. 73 and D.E. 74 as still pending)).

Softicle's next allegation involves Judge Arleo's Order dismissing its counterclaims against Microsoft, and is similarly without merit in this context. Notwithstanding the merits of its counterclaims and Judge Arleo's dismissal thereof, Softicle's complaints regarding this Order have no bearing on the undersigned's alleged bias. Motions to dismiss are the province of the district judge, and therefore any opinion or order with regard thereto, is entirely out of the control of the undersigned. Accordingly, this Order could not have been the result of any purported bias against Softicle by me.

Next, Softicle takes issue with Judge Arleo's denial of its Motion for Reconsideration.[41] That motion concerned Judge Arleo's denial of Softicle's Motion to Dismiss Microsoft's claim for contributory copyright infringement. Once again, Softicle's arguments are misplaced. These decisions could not have been the result of the undersigned's alleged bias, because they were entirely the prerogative of the district judge.

Moreover, Softicle argues that the undersigned's October 2, 2017, Order to Show Cause[42] shows bias and prejudice against Softicle. As set forth in more detail in that Opinion and Order,[43] the Court issued this Order due to Softicle's repeated failure to comply with the initial scheduling order and subsequent orders. To the extent that Softicle argues that the Court erred in issuing this Opinion, Judge Arleo affirmed this decision on April 30, 2018.[44]

---

[41] (D.E. 73, Mot. for Reconsideration).

[42] (D.E. 69, Op.).

[43] *Id.*

[44] (D.E. 173, Order).

Next, Softicle argues that the undersigned must recuse himself due to his denial of Softicle's motion to strike the appearance of *pro hac vice* counsel Katherine M. Dugdale. Softicle took issue with, among other things, the fact that Ms. Dugdale took the deposition of Defendant Abunamous without local counsel.[45] Softicle argues that the undersigned "summarily denied"[46] its motion, but for the reasons set forth, at length, on the record on March 15, 2018,[47] Softicle's arguments are without merit. As discussed on the record, this Circuit's case law does not resolve the issue of whether *pro hac vice* counsel's participation in a deposition constitutes an "appearance," but the New Jersey state court rules state that "an attorney admitted in another jurisdiction shall not be deemed to be making an appearance in this State by reason of taking a deposition."[48] Accordingly, the undersigned's refusal to strike Ms. Dugdale's appearance is in accordance with our jurisprudence and is not the result of any alleged bias.

Finally, Softicle argues that the undersigned's decision to compel production of its credit card processing records shows bias. Softicle alleges that the Court granted Microsoft's motion to compel "without addressing whether the data was relevant."[49] Softicle fails to address the Court's supplementary order explaining, among other things, that "the Stripe records are relevant because if Microsoft were to corroborate investigator transactions, it would tend to prove that Softicle 'materially contributed to the infringement.'"[50]

---

[45] (D.E. 94, Def.'s Mot. to Strike).

[46] (D.E. 190-1, Def.'s Br., at 6).

[47] (D.E. 155, Tr.).

[48] N.J. Ct. R. 1:21-1(b).

[49] (D.E. 190-1, Def.'s Br., at 7-8).

[50] (D.E. 167, Order, at 2).

Indeed, Softicle's brief incorrectly stated that several of the aforementioned motions and appeals were still pending.[51] Defense Counsel owes a duty of candor to the Court[52] and additionally, by submitting his papers, certified that his contentions have factual support.[53] Accordingly, the undersigned is deeply concerned with Defense Counsel's failure to review or correct the false statements with regard to allegedly pending motions and appeals.[54]

Furthermore, as set forth above and in Judge Arleo's opinions, Defense Counsel continues to advance arguments which have no basis in the law and which have been repeatedly rejected by the Court. This failure, not any purported bias by the undersigned, is the reason for these adverse rulings.

Comments that Mr. Abunamous subjectively interpreted as hostile to him and his counsel are likewise not a basis for disqualification. The *Liteky* Court specifically stated that "expressions of impatience, dissatisfaction, annoyance, and even anger"[55] do not establish bias or partiality. None of Softicle's purported reasons manifest any "deep seated bias" that would render a fair judgment impossible.[56] Accordingly, the motion for recusal is hereby **DENIED**.

An appropriate Order follows:

---

[51] (D.E. 190-1, Def.'s Br., at 3-4).

[52] N.J. Rules Prof'l Conduct R. 3.3.

[53] *See* Fed. R. Civ. P. 11(b).

[54] It is worth noting that the undersigned explicitly encouraged Defense Counsel to review Judge Arleo's opinions on the record in athe May 4, 2018, telephone conference. *See* (D.E. 184, May 4 Tr., at 27:25-29:12).

[55] *Id.* at 556.

[56] *Securacomm Consulting, Inc.*, 224 F.3d at 278.

**ORDER**

IT IS on this Thursday, August 30, 2018,

**ORDERED** that Defendants Softicle.com and Mr. Abunamous' motion for recusal (D.E. 190) is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/30/2018 11:39:41 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File